UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMYON NEYS,<br><br>    Plaintiff,<br><br>    v.<br><br>MAYO, et al.,<br><br>    Defendants. | Case No. 12-cv-04241-JD<br><br>**ORDER**<br><br>Re: Dkt. Nos. 31, 32, 33, 34 |

Plaintiff proceeds with a civil rights action alleging that defendants utilized excessive force against him. Defendants' motion to dismiss was denied and they were ordered to file a motion for summary judgment. Counsel for defendants previously stated that plaintiff refused to answer a number of questions during a deposition because plaintiff was concerned it would interfere with his sentencing hearing on a criminal case. Counsel agreed to suspend the deposition until after sentencing and plaintiff indicated he would cooperate at that time. Plaintiff was sentenced on August 15, 2014, and defendants have requested a second extension in order to ascertain where plaintiff has been incarcerated, depose him, and file a motion for summary judgment.[1] The extension will be GRANTED, but additional lengthy extensions will not be granted.

Plaintiff has also filed several motions; seeking an order to compel discovery, for an investigator and counsel, and to compel a deposition of defendants.

---

[1] Defendants indicate that plaintiff has or will soon be transferred from his current jail. Plaintiff is reminded he must update the Court with his current address if he is transferred or released from custody.

**Motion to Compel**

A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). As the moving party, plaintiff bears the burden of informing the Court which discovery requests are the subject of his motion to compel and for each disputed response, why defendants' objections are not justified or why the response provided is deficient.

Plaintiff states that he has requested discovery from defendants about the other sheriff's officials on duty on the date of the incident and a complete list of inmates present in the same housing unit, but that defendants declined to produce. Plaintiff has not provided enough information for the Court to decide the issue. Plaintiff's motion to compel is dismissed without prejudice. He may file a new motion to compel specifically stating his discovery requests, defendants' specific responses, and plaintiff must state why the responses are deficient and why he in entitled to the discovery.

Plaintiff also asks the Court to compel defendants to provide a copy of the deposition transcript from the deposition in which plaintiff refused to answer many questions. The Court cannot compel defendants to provide a copy of the deposition transcript. The Federal Rules do not require the government to provide a litigant proceeding in forma pauperis with a copy of his deposition transcript. *Glass v. Fields*, No. 1:09–cv–00098–AW I–BAM PC, 2012 WL 1898899, *2 (E.D. Cal. May 23, 2012); *Hallford v. California Dep't of Corrections*, CIV S–05–0573–FCD–DAD–P, 2010 WL 921166, *1 (E.D. Cal. March 12, 2010). Federal Rule of Civil Procedure 30 provides that the deposition transcript is available to a party upon payment of reasonable charges to the deposition officer. Plaintiff is able to obtain a copy of his deposition transcript by contacting the deposition officer and paying the required fee. Plaintiff may not use discovery to obtain free copies of documents equally available to him. *Jones v. Lundy*, 1:03–cv–05980–AWI–LJO PC, 2007 WL 214580, at *1 (E.D. Cal. Jan.25, 2007).

The Court cannot pay for the transcript. Although the Court granted plaintiff leave to proceed in forma pauperis, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976). The expenditure of public funds for deposition transcripts is not authorized by the in forma pauperis statute or any other statute. *See* 28 U.S.C. § 1915.

**Motion for Counsel and Investigator**

Plaintiff has also requested the appointment of counsel and funds for an investigator in order to subpoena a witness. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears able to present his claims adequately, and the issues are not complex. Therefore, the motion to appoint counsel is denied. Nor has plaintiff demonstrated that an investigator is necessary. If plaintiff learns of the address for the witness, the Court will issue a subpoena.

**Motion for Deposition**

Plaintiff has also asked for an order to compel defendants to be deposed by plaintiff. Plaintiff has not indicated whether he has secured a stenographer and attempted to schedule a deposition and if defendants have not complied. To the extent plaintiff seeks an order to compel before attempting to organize a deposition, it is denied. The Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the Court. *See* Fed.R.Civ.P. 5(d) (listing discovery requests and responses that "must not" be filed with the Court until they are used in the proceeding or the Court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the Court to intervene in the discovery process. The Court does not have enough time or resources to oversee all discovery, and therefore requires

that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking Court intervention. *See* Fed. R. Civ .P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking Court intervention in any discovery dispute.

## CONCLUSION

1. Plaintiff's motions (Docket Nos. 31, 32, 33) are **DENIED** as set forth above.

2. Defendants' motion for an extension (Docket No. 34) is **GRANTED**. Defendants have until **December 1, 2014**, to file a motion for summary judgment.

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 3, 2014

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEMYON NEYS,

    Plaintiff,

v.

MAYO, et al.,

    Defendants.

Case No. 12-cv-04241-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/3/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Semyon Neys ID: 607720
Glenn E. Dyer Detention Facility
550 6th Street
Oakland, CA 94607

Dated: 10/3/2014

Richard W. Wieking
Clerk, United States District Court

B *Lisa R. Clark* ___
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5