UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEMYON NEYS,

           Plaintiff,

    v.

MAYO, et al.,

           Defendants.

Case No.  12-cv-04241-JD

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 36

This is a civil rights case brought pro se by a former prisoner.  Plaintiff presents a claim of excessive force by several guards while he was at San Francisco County Jail.  He states that on March 15, 2012, he was forced down on the floor while handcuffed and assaulted with hands and feet by defendants, Sheriff's Deputies Mayo, Forde, and Ng.  Complaint at 3.[1]

Defendants filed a motion for summary judgment on December 1, 2014.  Plaintiff has not filed an opposition or otherwise communicated with the Court despite defendants filing an additional notice of plaintiff's non-opposition on January 6, 2015.[2]  The Court will still look to the merits of the motion, which is granted.

**DISCUSSION**

**Motion for Summary Judgment**

    A.    **Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

_____

[1] Plaintiff was a convicted federal prisoner at the time of this incident.  Motion for Summary Judgment ("MSJ"), Ex. A.  The complaint was filed on August 10, 2012.
[2] Defendants indicate that plaintiff was released from custody on November 27, 2014.  Reply at 2.

United States District Court
Northern District of California

1   law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case.

2   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is

3   genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving

4   party. *Id.*

5        The moving party for summary judgment bears the initial burden of identifying those

6   portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

7   issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine*

8   *Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this

9   burden of production, the nonmoving party must go beyond the pleadings and, by its own

10   affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the

11   nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the

12   moving party wins. *Id.*

13           **B.**     **Excessive Force**

14        "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes

15   cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S.

16   312, 319 (1986) (omission in original) (internal quotation marks omitted). Whenever prison

17   officials stand accused of using excessive force in violation of the Eighth Amendment, the

18   deliberate indifference standard is inappropriate. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

19   Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or

20   restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6-7; *Whitley*, 475 U.S. at

21   320-21.

22        In determining whether the use of force was for the purpose of maintaining or restoring

23   discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the

24   need for application of force, the relationship between that need and the amount of force used, the

25   extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any

26   efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *see also Spain*

27   *v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need

28   in each situation); *see, e.g., Furnace v. Sullivan*, 705 F.3d 1021, 1027 (9th Cir. 2013) (reversing

United States District Court
Northern District of California

2

United States District Court
Northern District of California

district court's grant of defendants' motion for summary judgment because plaintiff's evidence that guards emptied two pepper-spray canisters at him when he put his hands on his cell's food port opening raised a disputed issue of material fact regarding whether he posed a threat that justified defendants using pepper spray); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (pepper spraying fighting inmates a second time after hearing coughing and gagging from prior spray was not malicious and sadistic for purpose of causing harm, where initial shot of spray had been blocked by inmates' bodies).

### C.    Facts

The Court has reviewed defendants' motion for summary judgment and plaintiff's verified complaint.  Defendants do not recall any incident involving plaintiff on the day at issue.  MSJ at 3.  While the complaint contains only a few allegations, plaintiff provided some additional information when he was deposed by defendants on April 15, 2014.

In his deposition, plaintiff stated that he was awoken in the middle of the night by defendant Mayo who told plaintiff he needed to move to a different bunk.  MSJ at 4.  Plaintiff alleged that Mayo handcuffed him and while the handcuffs were too tight, plaintiff did not ask for them to be loosened.  *Id*.  Plaintiff stated that several other deputies arrived and lifted his arms into the air while transporting him, but plaintiff was unable to provide additional details regarding how these deputies pulled his arms or touched him.  *Id*.  Plaintiff assumes Mayo was escorting him but does not know for sure.  *Id*.

Plaintiff stated that he was taken to an interview room, thrown onto the ground and punched and kicked.  *Id*.  Plaintiff was unable to provide details concerning who threw him onto the floor.  *Id*. at 5.  Plaintiff stated that defendant Forde entered the room at some point and kicked him, but he does not recall where on his body he was kicked.  *Id*.  Then, more unidentified deputies came into the room and hit and kicked plaintiff for approximately thirty seconds.  *Id*.  Then Mayo and defendant Ng came into the room.  *Id*.  Plaintiff stated that Mayo pushed his torso against the table and someone else, perhaps Ng, punched him in the ribs.  *Id*.  Plaintiff does not know how many times he was punched.  *Id*.  Then he was sitting in a chair and everyone left the room.  *Id*.  Mayo returned and took plaintiff back to his bunk.  *Id*.  Plaintiff stated he was bruised,

but never sought medical attention from jail medical staff and never requested anyone to document his injuries.  MSJ at 4.

The defendants do not recall any incident with plaintiff on March 15, 2012, but they state that they did not punch, kick, or assault plaintiff.  *Id*. at 6.

**D.      Analysis**

Defendants contend that there was no incident where they assaulted plaintiff.  Plaintiff has not filed an opposition or otherwise communicated with the Court, but the Court has still reviewed his verified complaint in considering the motion for summary judgment.  He stated in his complaint that he was injured while being handcuffed and was then assaulted by defendants who used their hands and feet.  He provides very little additional information.

Defendants have met their burden in demonstrating that there is no genuine dispute as to any material fact.  Plaintiff stated that the handcuffs caused him pain, but conceded that he did not request that the handcuffs be loosened.  Plaintiff was also unable to answer many questions regarding the assault such as who was responsible or where he was struck.  It is also undisputed that plaintiff never sought medical care and that there was no documentation of the injuries.  Plaintiff has failed to produce any evidence to show a genuine issue of material fact, and the vague allegations from the complaint are insufficient to counter defendants' evidence.  Therefore, summary judgment is granted to defendants.[3]

**CONCLUSION**

1.  The motion for summary judgment (Docket No. 36) is **GRANTED**.

2.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 9, 2015

_____
James Donato
United States District Judge

---

[3] Because the Court has not found a constitutional violation, the qualified immunity argument will not be addressed.

United States District Court
Northern District of California

1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    SEMYON NEYS,                              Case No.  12-cv-04241-JD

                     Plaintiff,

8

         v.                                    **CERTIFICATE OF SERVICE**

9

10   MAYO, et al.,

                     Defendants.

11

12          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
     District Court, Northern District of California.

13

14          That on 3/9/2015, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing

15   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
     located in the Clerk's office.

16

17   Semyon  Neys ID: 607720
     Glenn E. Dyer Detention Facility

18   550 6th Street
     Oakland, CA 94607

19

20

21   Dated: 3/9/2015

22

23                                             Richard W. Wieking
                                               Clerk, United States District Court

24

25

26                                             By: *Lisa R. Clark* _____

27                                             LISA R. CLARK, Deputy Clerk to the
                                               Honorable JAMES DONATO

28